His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*288 This is a suit to rescind a contract of sale. Plaintiff alleges that he has paid in full the purchase price, but that despite repeated demands, the defendant has failed to execute a deed of the property which he purchased and which defendant agreed to convey to him. Pie accordingly sues for the rescission of the agreement and the return of the price and the necessary disbursements made by him. There was judgment in his favor and the defendant appeals.
The only point made by appellant is that it was not placed in default prior to the institution of this suit to-rescind the sale. But the evidence shows that plaintiff repeatedly demanded in writing that defendant perform its obligation and that the latter failed to comply. No other formality was required than a written demand for performance. R. C. C., 1911.
Ouisset vs. Gerson, 8 Ct. of Ap., 387.
Plaintiff has answered the appeal and has asked that the judgment be amended by allowing him interest on the price- paid and the disbursements for tax-es, etc., made by him from th-'e date of such payments and disbursements instead of from judicial demand. Pie is entitled to this amendment.
Wiare vs. Berlin, 43 An., 537, and authorities.
Baudry-Lacantinerie, Vol. 17 (2nd. Ed), p. 488, Par. 558.
It is accordingly ordered and decreed that the judgment be amended so as to provide that the amount thereof, namely $1154.77 should bear interest at the rate of 5% per annum, as follows: On $120.10 thereof from Aug. 5th, 1909; on $20.20 thereof from Oct. 4th, 1909; on $20.30 thereof from Nov. 2nd, 1909; on $20.30 thereof from Dec. 2nd, 1909; on $20.50 thereof from Jan. 3rd, 1910; on *289 $20.59 thereof from Feb. 1st, 1910; on $20.70 thereof from Mch. 1st, 1910; on $20.80 thereof from Apr. 1st, 1910; on $20.90 thereof from May 2nd, 1910; on $21.00 thereof from June 4th, 1910; on $21.10 from July 5th, 1910; on $21.20 thereof from Aug. 1st, 1910; on $21.30 thereof from Sept-1st, 1910; on $21.40 thereof from Oct. 1st, 1910; on $21.50 thereof from Nov. 2nd, 1910; on $21.60 thereof from Dec. 1st, 1910; on $21.70 thereof from Jan. 2nd, 1911; on $21.70 thereof from January 2nd, 1911; on $22.30 thereof from July 3rd, 1911; on $22.40 thereof from August 1st, 1911; on $22.50 thereof from September 13th, 1911; on $22.60' thereof from October 2nd, 1911; on $22.70 thereof from Nov. 3rd, 1911; on $22.80 thereof from Dec. 2nd, 1911; on $22.90 thereof from Jan. 3rd, 1912; on $23.00 thereof from Feb. 1st, 1912; on $23.30 thereof from Apr. 6th, 1912; on '$23.40 thereof from Ma.y 2nd, 1912; on $23.50 thereof from June 4th, 1912; on $23.60 thereof from July 1st, 1912; on $23.70 thereof from Aug. 1st, 1912; on $23.80 thereof from Sept. 7th, 1912; on $23.90 thereof from Sept. 30th, 1912; on $24.00 thereof from Nov. 4th, 1912; on $24.10 thereof from Dec. 5th, 1912; on $24.20 thereof from Jan. 6th, 1913; on $24.30 thereof from Feb. 3rd, 1913; on $24.40 thereof from Mch. 3!rd, 1913; on $24.50 thereof from Apr. 7th, 1913; on $24.60 thereof from May 10th, 19131; on $24.70 thereof from June 4th, 1913; on $24.80 thereof from July 2nd, 1913; on $24.90 thereof from Aug. 4th, 1913; on $21.70 thereof from Jan. 2nd, 1911;' on $21.70 thereof from Jan. 2nd, 1911; on $7.'84 thereof from Feb. 1st, 1910; and on $35.64 thereof from M.ay 1st, 1914; and as thus amended,' the judgment is affirmed at'appellant’s costs.
Opinion and decree, March 27th, 1916.
Amended.